IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **DANIEL LE,**<br><br>Plaintiff,<br><br>v.<br><br>**BOARD OF EDUCATION FOR ALBUQUERQUE PUBLIC SCHOOLS,** a political subdivision of the State of New Mexico, for itself and its public operations, "Albuquerque Public Schools,"<br><br>Defendants | Case No: 1:25-cv-00591<br><br><br>**COMPLAINT**<br><br>Judge:<br><br>**DEMAND FOR TRIAL BY JURY ON ALL COUNTS SO TRIABLE** |

**COMES NOW** the Plaintiff, Daniel Le (hereafter referred to as "Plaintiff," or "Le"), by and through undersigned counsel, Counxel Legal Firm (Andrew N. Morrow Esq.) and hereby files this Complaint against the Defendant, BOARD OF EDUCATION FOR ALBUQUERQUE PUBLIC SCHOOLS, a political subdivision of the State of New Mexico, for itself and its public operations, "Albuquerque Public Schools," (hereafter referred to as "Defendant," or "ABQPS" unless specified otherwise) for violations of 42 U.S.C.A § 2000e *et seq.*, "Title VII of the Civil Rights Act" or "Title VII" and supplementary causes of action. In support of this Complaint, Plaintiff hereby states, avers and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action brought by Daniel Le against the Defendant, the Albuquerque Public Schools, a political subdivision of the State of New Mexico organized for educational purposes,

1

for acts and omissions of the Defendant and any all and agents, employees or representatives of the Defendant that work under the Albuquerque Public Schools

2. This civil action is initiated against the Defendant for violations of Title VII of the Civil Rights Act, specifically for discrimination against the Plaintiff on the basis of his racial and sexual characteristics and for such supplemental causes of action as are enumerated herein.

3. This civil action involves causes of action that either the Defendant discriminated against the Plaintiff unlawfully in his employment by discriminating towards Plaintiff's race and sex by sexual harassment, punishing Plaintiff's complaints by retaliation with sham discipline, and enacting more discipline due to Plaintiff engaging in required whistleblowing.

4. Plaintiff is of Asian ethnicity and male sex, this was exploited by Defendant's administration, Plaintiff took the correct whistleblowing steps and was punished for doing so, Defendant engaged in an adverse employment action for Plaintiff taking the correct steps in their employment requirement.

5. Plaintiff hereby reserves the right to amend or supplement any and all lines of this Complaint as necessary as facts, Parties and theories may be discovered.

## JURISDICTION AND VENUE

6. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.

7. This Court has jurisdiction over the subject matter of this action pursuant to 42 U.S.C.A. § 2000e-5 *et seq*.

8. Venue is proper in this District and this Court as all acts and omissions complained of took place within the State of New Mexico.

9. This Court has jurisdiction over the Parties as all Parties reside or have their principal place of business within the jurisdiction of this Court.

10. Plaintiff has hereby exhausted his administrative remedies in this matter and initiates this action within the statutorily prescribed timeframe laid out in 42 U.S.C.A. § 2000e-5 *et seq.*

11. Upon information and belief, if discovery reveals that Defendant has organized one or more affiliate organizations or corporations which are not yet a Party to this action and that other affiliate organization or corporation is the true perpetrator of the acts and omissions which give rise to this Complaint then the acts and omissions of that non-Party affiliate of Defendant are imputable and attributable to the named Defendant.

12. Plaintiff hereby reserves the right to amend or supplement any and all lines of this Complaint as necessary as facts, Parties and theories may be discovered.

## **NOTICE**

13. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.

14. Notice of the commencement of this action is given to the Defendant by service of process upon the Defendant's Registered Agents in New Mexico.

15. Defendant has also been given notice of the possibility of this action by the Plaintiff exhausting his administrative remedies in this matter.

16. Plaintiff hereby reserves the right to amend or supplement any and all lines of this Complaint as necessary as facts, Parties and theories may be discovered.

## **AUTHORITY**

17. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.

18. Authority to bring this action is vested in private individuals who have exhausted their administrative remedies and who bring actions such as this within the statutorily prescribed timeframe by the provisions of 42 U.S.C.A. § 2000e-5 *et seq*.

19. Plaintiff hereby reserves the right to amend or supplement any and all lines of this Complaint as necessary as facts, Parties and theories may be discovered.

## THE DEFENDANT

20. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.

21. Upon information and belief, Defendant Board of Education for Albuquerque Public Schools is a public schooling administration in the State of New Mexico, a political subdivision of the State of New Mexico.

22. Upon information and belief, Defendant Board of Education for Albuquerque Public Schools operates and operated various establishments for the purposes of providing education to children of the community.

23. Upon information and belief, all acts and omissions complained of which were perpetrated by any ABQPS staff or administrators are attributable to Board of Education for Albuquerque Public Schools such that the Board of Education for Albuquerque Public Schools is liable for the acts and omissions complained of in this Complaint.

24. Upon information and belief, if discovery reveals that Defendant has organized one or more affiliate organizations or corporations which are not yet a Party to this action and that other affiliate organization or corporation is the true perpetrator of the acts and omissions which give rise to this Complaint then the acts and omissions of that non-Party affiliate of Defendant are imputable and attributable to the named Defendant.

25. Plaintiff hereby reserves the right to amend or supplement any and all lines of this Complaint as necessary as facts, Parties and theories may be discovered.

## STATUTORY AND REGULATORY BACKGROUND

26. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.

27. Title VII of the Civil Rights Act is designed to accomplish the policy of the United States, to prohibit discrimination in employment on the basis of an individual's race, color, religion, sex or national origin. 42 U.S.C.A. § 2000e-2 *et seq*.

28. Plaintiff hereby reserves the right to amend or supplement any and all lines of this Complaint as necessary as facts, Parties and theories may be discovered.

*Prohibition of Employment Discrimination*

29. Section 2000e defines "person" as one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees or receivers.

30. Section 2000e defines "employer" as a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person. The United States, wholly owned corporations of the United States, Indian tribes and departments or agencies of the District of Columbia and bona fide membership clubs exempt from taxation under Section 501(c) of Title 26 are not defined as "employers" by 2000e as provisions for those entities are accounted for by other statutes.

31. Section 2000e defines "employee" as an individual employed by an employer except for elected officials, the staff of elected officials or political appointees or advisers to such political appointees.

32. Section 2000e-2(a) defines an "unlawful employment practice" as being when an employer fails or refuses to hire, or discharges, any individual or otherwise discriminates against, limits, segregates or classifies any individual in their compensation, terms, conditions or privileges of employment because of the individual's race, color, religion, sex or national origin.

33. Section 2000e does not define an "adverse employment action" as such but case law in the 10th circuit, applicable in this matter, has held that an "adverse employment action" is one which causes significant disruption to not just current employment such as benefits, responsibilities and pay but also causes harm to future employment prospects. Hillig v. Rumsfeld, 381 F.3d 1028 (2004).

*Who May Bring a Suit*

34. Section 2000e-5(f) authorizes private individuals who have initiated, engaged in and exhausted their administrative remedies through the Equal Employment Opportunity Commission ("EEOC") to initiate a civil suit within 90 days of receiving the Right to Sue Notice from the EEOC.

*Relief Available*

35. Section 2000e-5(g), other sections of Title VII of the Civil Rights Act and relevant case law provide for several remedies in a civil suit including, but not necessarily limited to:

    a. An injunction prohibiting the employer from engaging in the unlawful employment practice;

    b. Reinstatement or hiring of the employee;

    c. Back pay and front pay;

    d. Compensatory damages;

    e. Punitive damages; and,

    f. Attorneys' fees and court costs.

## GENERAL ALLEGATIONS

36. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.

37. Plaintiff is a male of Asian descent.

38. On November 6, 2020, Plaintiff was involved in a meeting with Defendant's principle Felicia Mondragon to discuss an unrelated incident of sexual harassment among the student body where Ms. Mondragon referred to Plaintiff's nephew as "China Doll."

39. On November 17, 2021, Plaintiff became aware of an incident of sexual harassment among the student body, captured on video, which is a violation of New Mexico Statutes Annotated Chapter 30, Article 6.

40. The incident included one student being subjected to aggressive hip thrusts by another student.

41. Plaintiff approached ABPQS administration to address the video and the harassment and found the administration to be enjoying the matter as one of frivolity.

42. Ms. Mondragon was observed watching the video in question and laughing uproariously at the victimized student's pain.

43. Ms. Mondragon was dismissive of Plaintiff's concerns and unilaterally declared that no sexual harassment was taking place in the video, contrary to the clear evidence of Plaintiff's eyes and ears.

44. Knowing that Ms. Mondragon was in the wrong, and being obligated to report the incident of sexual harassment observed, Plaintiff took steps to disclose Ms. Mondragon's dismissiveness of sexual harassment among the student body to all requisite authorities.

45. In late January 2022, Ms. Mondragon yelled at Plaintiff across the halls of the school, referring to Plaintiff by the name of "Tono Ren Nosaka" an Asian character from a pornographic book series who engages in unorthodox sexual practices for the gratification of clients of the character.

46. Ms. Mondragon yelled the comment, "Tono! Breathe with me!" which was heard by many students and faculty and was clearly designed to sexualize and racialize Plaintiff and to make Plaintiff intensely uncomfortable with the implication that he existed for the sexual gratification of Ms. Mondragon.

47. In April of 2022, Ms. Mondragon utilized an exaggerated caricature of a faux Asian accent when referring to Plaintiff's family member, in the presence of students.

48. In September of 2023, Plaintiff became aware that, at the prompting of a faculty member's open violation of Title IX's prohibitions, a school administrator appeared to have been influenced to undermine Plaintiff's credibility with the student body by indicating that it was inappropriate for Plaintiff, a male, to speak with female students.

49. Nothing prompted this pattern of undermining behavior and Plaintiff was forced to interpret these actions as animus against Plaintiff as a male.

50. Following the events of September, 2023, Plaintiff became aware that Defendant took umbrage at Plaintiff reporting the failures of ABQPS leadership to comply with the law requiring reporting of sexual harassment of children, asserting that reporting such incidents of sexual harassment were not Plaintiff's "place," and Defendant began to subject Plaintiff to false instances of discipline, calculated to manufacture cause to terminate Plaintiff.

51. Defendant placed Plaintiff on a fraudulent performance improvement plan with false allegation of malfeasance, attempted to force Plaintiff, under duress, to sign documents admitting to his need of performance improvement, Defendant undertook steps to threaten Plaintiff's professional licenses and attempted to force Plaintiff to undergo a "due process hearing" which would give Defendant the bare minimum of respectability to say that they underwent Plaintiffs rights.

52. Defendant's allegations were false, their procedures were illegitimate and their actions did not serve any purpose but protecting ABQPS from the consequences of their malice towards Plaintiff, malice based upon Plaintiff performing his required whistleblowing and a perverse fetishization of Plaintiff's race and sex by Defendant leadership.

53. Following these instances of attempted malicious discipline, Plaintiff defended himself vigorously against the Defendant's sham accusations.

54. Plaintiff eventually was reassigned to a different place of employment but the damage to Plaintiff's professional reputation was done.

55. Plaintiff's future prospects within his chosen field of employment have been damaged and curtailed by the malicious statements and false discipline that Defendant has subjected Plaintiff too.

56. Defendant's actions of subjecting Plaintiff to sham discipline, Defendant's agent's actions which sexually and racially objectified Plaintiff and damaged Plaintiff's professional prospects all constitute discriminatory actions.

57. Defendant's actions above also constituted retaliatory conduct as they were done to Plaintiff in response to Plaintiff's exercise of his whistleblowing responsibilities in reporting Defendant's ancillary lawbreaking regarding the sexual victimization of students and the Defendant's flippant disregard of that victimization.

58. Following the reassignment, Plaintiff filed a complaint with the Equal Employment Opportunity Commission, complaining of the discriminatory and retaliatory actions of Defendant.

59. The investigation into Plaintiff's complaint was concluded and a Right to Sue notice was issued to Plaintiff on May 22, 2025, thus, this action is initiated within the statutory timeframe allowable.

60. Plaintiff hereby reserves the right to amend or supplement any and all lines of this Complaint as necessary as facts, Parties and theories may be discovered.

## COUNT ONE: TITLE VII DISCRIMINATION IN EMPLOYMENT

61. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.

62. Plaintiff is a member of a protected class as a person of Asian origin.

63. Plaintiffs biological sex is also protected when the actions taken against him are based upon that sex.

64. Plaintiff is qualified for his position, as he is a licensed counselor, and the attempts by Defendant to gin up accusations of malfeasance in that position are see through-shams.

65. Plaintiffs future job prospects are diminished due to being treated less favorably than those of his peers who are not in Plaintiff's protected class because of Ms. Mondragon's perverse fetishization of Plaintiff as a racial and sexual object.

66. Defendant's actions of subjecting Plaintiff to sham discipline, Defendant's agent's actions which sexually and racially objectified Plaintiff and damaged Plaintiff's professional prospects all constitute discriminatory actions.

67. Therefore, Defendant is liable to Plaintiff under Title VII of the Civil Rights Act.

68. Plaintiff hereby reserves the right to amend or supplement any and all lines of this Complaint as necessary as facts, Parties and theories may be discovered.

## COUNT TWO: TITLE VII RETALIATION

69. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.

70. Plaintiff was engaged in opposition to Title VII discrimination when he opposed the sexual harassment of a student that Defendant's administration found to be amusing.

71. This has diminished Plaintiffs future job prospects in a negative manner.

72. There exists a causal connection between the action Plaintiff took to oppose the sexual harassment of a student that Defendant's Administration took such delight in and the adverse employment actions Defendant undertook against Plaintiff as Defendant began to target him for sham discipline immediately following Plaintiff's disclosure of the inappropriate glee in a child's sexual harassment that Defendant's administration engaged in to the relevant authorities.

73. Therefore, Defendant is liable to Plaintiff under Title VII of the Civil Rights Act.

74. Plaintiff hereby reserves the right to amend or supplement any and all lines of this Complaint as necessary as facts, Parties and theories may be discovered.

## COUNT THREE: WHISTLEBLOWER PROTECTION ACT

75. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.

76. This cause of action is asserted as a supplemental cause of action under the Court's supplemental jurisdiction as there exists a common nucleus of operative fact between the federal causes of action and this state cause of action.

77. This cause of action is brought under New Mexico Statutes Annotated 10-16C-1 *et seq.*, New Mexico's Whistleblower Protection Act.

78. Plaintiff is a public employee, and Defendant is a public employer.

79. Plaintiffs future job prospects have been harmed through retaliatory action against Plaintiff because Plaintiff communicated to Defendant, and other relevant authorities, Defendant's failure to address the sexual harassment of a student.

80. Defendant's actions were presumptively retaliation due to the close chronological nexus between Defendants' acts and the events that Plaintiff complained of, and Defendants false assertion that Plaintiff, a mandatory reporter, had no authority to report his suspicions to the relevant authorities.

81. Therefore, Defendant is liable under the Whistleblower Protection Act.

## PRAYER FOR RELIEF

**WHEREFORE,** on the basis of the preceding allegations, the Plaintiff hereby prays that this Court grant the Plaintiff the following relief:

1. For a judgment of damages against Defendant on all applicable theories of law in an amount to be proven at trial but for not-less-than $1,000,000;

2. For an award of Plaintiff's attorneys' fees and costs under all applicable theories of law;

3. For an award of pre- and post-judgment interest under all applicable theories of law;

4. For any such other relief as the Court may deem just under the circumstances.

RESPECTFULLY SUBMITTED this 20th day of June, 2025.

                                            **COUNXEL LEGAL FIRM**

                                            */s/ Andrew Morrow*
                                            Andrew N. Morrow Esq.
                                            2222 S. Dobson Rd. Suite 1104
                                            Mesa, AZ  85202
                                            *Attorney for Plaintiff*