# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

DANIEL LE,

      Plaintiff,

v.                                     Case No. 1:25-cv-00591 LF/JFR

BOARD OF EDUCATION FOR ALBUQUERQUE
PUBLIC SCHOOLS,

      Defendant.

## DEFENDANT'S ANSWER TO COMPLAINT

      Defendant Board of Education of Albuquerque Public Schools (hereinafter referred to as "APS') by and through counsel, Modrall, Sperling, Roehl, Harris & Sisk, P.A. (Mia K. Lardy and Tessa L. Chrisman), submit this Answer to Plaintiff's Complaint ("Complaint") [Doc. 1]. For its Answer, APS states as follows:

## [ALLEGED] NATURE OF THE ACTION[1]

      1.      Paragraph 1 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, APS admits only that Plaintiff has initiated a civil action against APS in bringing the Complaint and that APS is a political subdivision of the State of New Mexico. APS denies any remaining allegations in Paragraph 1 inconsistent therewith.

      2.      Paragraph 2 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, APS admits only that Plaintiff has initiated a civil action against APS alleging violations of Title VII of the Civil Rights Act. APS expressly denies that Plaintiff's allegations have merit.

---

[1] APS has incorporated the headings in the Complaint for ease of reference only.  To the extent any of the headings contain allegations, APS denies any such allegations.

3.      Paragraph 3 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, APS admits only that Plaintiff has initiated a civil action against APS alleging race- and sex-based employment discrimination, retaliation and a violation of New Mexico's Whistleblower Protection Act. APS specifically denies that Plaintiff's allegations have merit.

4.      APS denies the allegations in Paragraph 4 of the Complaint.

5.      Paragraph 5 of the Complaint does not seem to require a response. To the extent a response is required, APS reserves its right to challenge any amendment or supplement to the Complaint as permitted by the Federal Rules of Civil Procedure, this Court's Local Rules, and/or any order from the Court.

## JURISDICTION AND VENUE

6.      In response to Paragraph 6 of the Complaint, APS re-states all preceding paragraphs of this Answer and incorporates them therein.

7.      Paragraph 7 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, APS denies the allegations in Paragraph 7 to the extent they are inconsistent with the authority referenced therein.

8.      Paragraph 8 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, APS states that it is not presently challenging venue but reserves its right to do so. APS denies the remaining allegations in Paragraph 8 for lack of sufficient knowledge or information.

9.      Paragraph 9 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, APS states that it is not presently challenging

jurisdiction but reserves its right to do so. APS denies the remaining allegations in Paragraph 9 for lack of sufficient knowledge or information.

10.    Paragraph 10 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, APS denies the allegations in Paragraph 10.

11.    Paragraph 11 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, APS denies the allegations in Paragraph 11.

12.    Paragraph 12 of the Complaint does not seem to require a response. To the extent a response is required, APS reserves its right to challenge any amendment or supplement to the Complaint as permitted by the Federal Rules of Civil Procedure, this Court's Local Rules, and/or any order from the Court.

## NOTICE

13.    In response to Paragraph 13 of the Complaint, APS re-states all preceding paragraphs of this Answer and incorporates them therein.

14.    Paragraph 14 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, APS admits only that it was served through its Registered Agents and denies any remaining allegations inconsistent therewith.

15.    Paragraph 15 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, APS denies the allegations in Paragraph 15.

16.    Paragraph 16 of the Complaint does not seem to require a response. To the extent a response is required, APS reserves its right to challenge any amendment or supplement to the Complaint as permitted by the Federal Rules of Civil Procedure, this Court's Local Rules, and/or any order from the Court.

**AUTHORITY**

17.    In response to Paragraph 17 of the Complaint, APS re-states all preceding paragraphs of this Answer and incorporates them therein.

18.    Paragraph 18 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, APS denies the allegations in of Paragraph 18 to the extent they are inconsistent with the authority referenced therein.

19.    Paragraph 19 of the Complaint does not seem to require a response. To the extent a response is required, APS reserves its right to challenge any amendment or supplement to the Complaint as permitted by the Federal Rules of Civil Procedure, this Court's Local Rules, and/or any order from the Court.

**THE DEFENDANT**

20.    In response to Paragraph 20 of the Complaint, APS re-states all preceding paragraphs of this Answer and incorporates them therein.

21.    In response to Paragraph 21 of the Complaint, APS admits that it is a public school district and governmental entity operating in the State of New Mexico and denies any remaining allegations inconsistent therewith.

22.    Paragraph 22 of the Complaint is vague and ambiguous, failing to specify a time period or identify the "establishments" or types of establishments to which it refers. In response to Paragraph 22 of the Complaint, APS admits only that it operates public schools within the school district and denies any remaining allegations inconsistent therewith.

23.    Paragraph 23 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, APS denies the allegations in Paragraph 23.

24.      Paragraph 24 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, APS denies the allegations in Paragraph 24.

25.      Paragraph 25 of the Complaint does not seem to require a response. To the extent a response is required, APS reserves its right to challenge any amendment or supplement to the Complaint as permitted by the Federal Rules of Civil Procedure, this Court's Local Rules, and/or any order from the Court.

## STATUTORY AND REGULATORY BACKGROUND

26.      In response to Paragraph 26 of the Complaint, APS re-states all preceding paragraphs of this Answer and incorporates them therein.

27.      Paragraph 27 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, APS denies the allegations in of Paragraph 27 to the extent they are inconsistent with the authority referenced therein.

28.      Paragraph 28 of the Complaint does not seem to require a response. To the extent a response is required, APS reserves its right to challenge any amendment or supplement to the Complaint as permitted by the Federal Rules of Civil Procedure, this Court's Local Rules, and/or any order from the Court.

29.      Paragraph 29 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, APS denies the allegations in of Paragraph 29 to the extent they are inconsistent with the authority referenced therein.

30.      Paragraph 30 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, APS denies the allegations in of Paragraph 30 to the extent they are inconsistent with the authority referenced therein.

31.    Paragraph 31 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, APS denies the allegations in of Paragraph 31 to the extent they are inconsistent with the authority referenced therein.

32.    Paragraph 32 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, APS denies the allegations in of Paragraph 32 to the extent they are inconsistent with the authority referenced therein.

33.    Paragraph 33 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, APS denies the allegations in of Paragraph 33 to the extent they are inconsistent with the authority referenced therein.

34.    Paragraph 34 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, APS denies the allegations in of Paragraph 34 to the extent they are inconsistent with the authority referenced therein.

35.    Paragraph 35 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, APS denies the allegations in of Paragraph 35, including subparts (a) to (f), to the extent they are inconsistent with the authority referenced therein. APS specifically denies that Plaintiff is entitled to any of the relief listed in Paragraph 35.

## GENERAL ALLEGATIONS

36.    In response to Paragraph 36 of the Complaint, APS re-states all preceding paragraphs of this Answer and incorporates them therein.

37.    APS denies the allegations in Paragraph 37 of the Complaint for lack of sufficient knowledge or information.

38.    APS denies the allegations in Paragraph 38 of the Complaint for lack of sufficient knowledge or information.

39.     APS denies the allegations in Paragraph 39 of the Complaint for lack of sufficient knowledge or information.

40.     APS denies the allegations in Paragraph 40 of the Complaint for lack of sufficient knowledge or information.

41.     APS denies the allegations in Paragraph 41 of the Complaint for lack of sufficient knowledge or information.

42.     APS denies the allegations in Paragraph 42 of the Complaint.

43.     APS denies the allegations in Paragraph 43 of the Complaint for lack of sufficient knowledge or information.

44.     APS denies the allegations in Paragraph 44 of the Complaint for lack of sufficient knowledge or information.

45.     APS denies the allegations in Paragraph 45 of the Complaint for lack of sufficient knowledge or information.

46.     APS denies the allegations in Paragraph 46 of the Complaint.

47.     APS denies the allegations in Paragraph 47 of the Complaint.

48.     APS denies the allegations in Paragraph 48 of the Complaint.

49.     APS denies the allegations in Paragraph 49 of the Complaint for lack of sufficient knowledge or information.

50.     APS denies the allegations in Paragraph 50 of the Complaint.

51.     APS denies the allegations in Paragraph 51 of the Complaint.

52.     APS denies the allegations in Paragraph 52 of the Complaint.

53.     APS denies the allegations in Paragraph 53 of the Complaint.

54.    APS denies the allegations in Paragraph 54 of the Complaint for lack of sufficient knowledge or information. APS specifically denies that it harmed Plaintiff or caused any damages.

55.    APS denies the allegations in Paragraph 55 of the Complaint. APS specifically denies that it harmed Plaintiff or caused any damages.

56.    APS denies the allegations in Paragraph 56 of the Complaint. APS specifically denies that it harmed Plaintiff or caused any damages.

57.    APS denies the allegations in Paragraph 57 of the Complaint.

58.    In response to Paragraph 58 of the Complaint, APS admits only that Plaintiff filed a charge of discrimination against APS, EEOC # 543-2024-00142, on or about January 19, 2024, and denies any remaining allegations inconsistent therewith.

59.    In response to Paragraph 59 of the Complaint, APS denies that EEOC completed an investigation into Plaintiff's charge of discrimination, EEOC # 543-2024-00142, and admits only that EEOC issued a Notice of Rights Letter to Plaintiff on or about May 22, 2025. APS denies any remaining allegations inconsistent therewith.

60.    Paragraph 60 of the Complaint does not seem to require a response. To the extent a response is required, APS reserves its right to challenge any amendment or supplement to the Complaint as permitted by the Federal Rules of Civil Procedure, this Court's Local Rules, and/or any order from the Court.

### COUNT I: TITLE VII DISCRIMINATION IN EMPLOYMENT

61.    In response to Paragraph 61 of the Complaint, APS re-states all preceding paragraphs of this Answer and incorporates them therein.

62. Paragraph 62 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, APS denies the allegations in of Paragraph 62 to the extent they are inconsistent with the authority referenced therein.

63. Paragraph 63 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, APS denies the allegations in of Paragraph 63 to the extent they are inconsistent with the authority referenced therein.

64. In response to Paragraph 64 of the Complaint, APS admits only that Plaintiff is a licensed counselor but denies all remaining allegations in Paragraph 64.

65. APS denies the allegations in Paragraph 65 of the Complaint. APS specifically denies that it harmed Plaintiff or caused any damages.

66. APS denies the allegations in Paragraph 66 of the Complaint. APS specifically denies that it harmed Plaintiff or caused any damages.

67. Paragraph 67 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, APS denies the allegations in Paragraph 67 of the Complaint.

68. Paragraph 68 of the Complaint does not seem to require a response. To the extent a response is required, APS reserves its right to challenge any amendment or supplement to the Complaint as permitted by the Federal Rules of Civil Procedure, this Court's Local Rules, and/or any order from the Court.

## COUNT II: TITLE VII RETALIATION

69. In response to Paragraph 69 of the Complaint, APS re-states all preceding paragraphs of this Answer and incorporates them therein.

70. APS denies the allegations in Paragraph 70 of the Complaint.

71.     APS denies the allegations in Paragraph 71 of the Complaint. APS specifically denies that it harmed Plaintiff or caused any damages.

72.     APS denies the allegations in Paragraph 72 of the Complaint.

73.     Paragraph 73 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, APS denies the allegations in Paragraph 73 of the Complaint.

74.     Paragraph 74 of the Complaint does not seem to require a response. To the extent a response is required, APS reserves its right to challenge any amendment or supplement to the Complaint as permitted by the Federal Rules of Civil Procedure, this Court's Local Rules, and/or any order from the Court.

## COUNT III: WHISTLEBLOWER PROTECTION ACT

75.     In response to Paragraph 75 of the Complaint, APS re-states all preceding paragraphs of this Answer and incorporates them therein.

76.     Paragraph 76 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, APS states that it is not presently challenging jurisdiction but reserves its right to do so.

77.     Paragraph 77 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, APS admits only that Count III alleges a violation of New Mexico's Whistleblower Protection Act. APS specifically denies that Plaintiff's Count III has merit.

78.     APS admits the allegations in Paragraph 78 of the Complaint.

79.     APS denies the allegations in Paragraph 79 of the Complaint. APS specifically denies that it harmed Plaintiff or caused any damages.

80. APS denies the allegations in Paragraph 80 of the Complaint.

81. Paragraph 81 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, APS denies the allegations in Paragraph 73 of the Complaint.

## PRAYER FOR RELIEF

82. APS specifically denies that Plaintiff is entitled to any of the relief sought in the WHEREFORE clause of the Complaint, including items (1) to (4).

83. APS denies every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

APS denies any liability to Plaintiff and pleads the following affirmative defenses.

## FIRST DEFENSE

Plaintiff's Complaint should be dismissed or denied for failure to state a claim upon which relief can be granted.

## SECOND DEFENSE

As a further, separate, and alternative defense, APS incorporates all defenses available under New Mexico and federal case and statutory law, including but not limited to all applicable defenses under Title VII, 42 U.S.C.A. §§ 2000e *et seq.*, and New Mexico's Whistleblower Protection Act, NMSA 1978 §§ 10-16C-1 *et seq.*

## THIRD DEFENSE

As a further, separate, and alternative defense, APS states that Plaintiff's claims may be barred, in whole or in part, to the extent he failed to exhaust his administrative remedies.

## FOURTH DEFENSE

As a further, separate, and alternative defense, Plaintiff has not suffered any damages.

**FIFTH DEFENSE**

As a further, separate, and alternative defense, Plaintiff's claims are barred in whole or in part because his damages, if any, were caused by his own acts or omissions.

**SIXTH DEFENSE**

As a further, separate, and alternative defense, APS states that to the extent Plaintiff has suffered any damages, which APS expressly denies, such damages may be denied or reduced based on Plaintiff's failure to mitigate his damages.

**SEVENTH DEFENSE**

As a further, separate, and alternative defense, Plaintiff's claims are barred by the doctrines of laches, waiver, unclean hands, estoppel, and/or other equitable common law doctrines.

**EIGHTH DEFENSE**

As a further, separate, and alternative defense, APS states that to the extent it is liable for any alleged damage or injury, which APS expressly denies, it is immune from an award of punitive damages, if any.

**NINTH DEFENSE**

As a further, separate, and alternative defense, APS states that to the extent it is held liable to Plaintiff for punitive damages, such punitive damages must be related to Plaintiff's actual damages and APS's conduct. Lack of reasonable relation of punitive damages to Plaintiff's actual damages and APS's conduct would violate Defendants' rights to due process, equal protection, and from excessive fines under the Constitution of the United States. Also, the imposition of punitive damages would violate APS's rights to due process, equal protection, and from excessive fines because proof for punitive damages is not required by clear and convincing evidence.

**TENTH DEFENSE**

As a further, separate, and alternative defense, Plaintiff's claims are barred to the extent he failed to fully avail himself of internal complaint procedures and remedies at APS.

**ELEVENTH DEFENSE**

As a further, separate, and alternative defense, Plaintiff's claims are barred by the doctrines of collateral estoppel and/or res judicata.

**TWELFTH DEFENSE**

As a further, separate, and alternative defense, Plaintiff's claims are barred, in whole or in part, to the extent they exceed the scope of the allegations in his administrative charge of discrimination.

**THIRTEENTH DEFENSE**

As a further, separate, and alternative defense, Plaintiff's claims are barred to the extent they are untimely filed pursuant to any applicable statutes of limitation.

**FOURTEENTH DEFENSE**

APS further states that it has not knowingly or intentionally waived any applicable affirmative defense, and reserves the right to assert and rely upon such other defenses as may become available or apparent as this matter proceeds.

WHEREFORE, having fully answered the Complaint, APS respectfully requests this Court dismiss Plaintiff's Complaint in its entirety, with prejudice, and award APS all other relief as this Court deems just and proper.

Respectfully submitted,

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.

By: /s/ *Tessa L. Chrisman*
      Mia K. Lardy
      Tessa L. Chrisman
      *Attorneys for Defendant APS*
      P.O. Box 2168
      Albuquerque, NM 87103-2168
      505.848.1800/ Fax: 505.848.9710
      mia.lardy@modrall.com
      tessa.chrisman@modrall.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of July, 2025, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

**Counxel Legal Firm**
Andrew N. Morrow Esq.
2222 S. Dobson Rd. Suite 1104
Mesa, AZ 85202
(480) 536-6122
docketing@counxel.com
*Attorney for Plaintiff*


By: /s/ *Tessa L. Chrisman*
      Tessa L. Chrisman