COUNXEL

*2222 South Dobson Road Suite 1104*
*Mesa, Arizona 85202*
*Office: (480) 536-6122*
*www.counxel.com*
**For Court Use Only: docketing@counxel.com**
Andrew Morrow (039325)
amorrow@counxel.com
Andrew Meier (040536)
ameier@counxel.com
*Attorneys for Plaintiff*

COUNXEL LEGAL FIRM

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| DANIEL LE, an individual, | Case No. 1-25-cv-00591 LF/JFR |
| Plaintiff, | **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE** |
| v. | |
| BOARD OF EDUCATION FOR ALBUQUERQUE PUBLIC SCHOOLS, | |
| Defendant. | |

Plaintiff Daniel ("Le") opposes Defendant's Motion to Strike. Le properly complied with Fed. R. Civ. P. 26(a)(2), provided the names of his treating physicians, and included a sufficient description of each treating physician's anticipated testimony. There is no basis to strike Le's designation of his treating physicians as experts in this case. The complete grounds for denying Defendant's Motion to Strike are as follows:

### I.    FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

Le disclosed multiple treatment providers as non-retained expert witnesses, providing the subject matter of the anticipated testimony and a summary of the facts and opinions to which the physician is expected to testify. Le has not yet obtained all of the physician's records and has stated that the disclosure will be supplemented once all records are received and reviewed. Moreover, Defendant has issued releases (signed by Le) to also

obtain copies of all of these records.  Defendant has moved to strike the disclosure, arguing it is insufficient under Fed. R. Civ. P. 26(a)(2)(C).

**II.     ARGUMENT**

    **A.     Le's Expert Disclosure Satisfies Rule 26(a)(2)(C).**

Rule 26(a)(2) governs the disclosure of expert witnesses.  For non-retained experts, such as treating physicians, Rule 26(a)(2)(C) requires disclosure of the subject matter on which the witness is expected to present evidence and a summary of the facts and opinions to which the witness is expected to testify.  The rule does not require a detailed written report for non-retained experts, in contrast to the requirements for retained experts under Rule 26(a)(2)(B). *Vanderberg v. Petco Animal Supplies Stores*, Inc., 906 F.3d 698, 702 (8th Cir. 2018).

Le's disclosure identified the treating physician, described the subject matter of the anticipated testimony, and provided a summary of the facts and opinions to which the physician is expected to testify.  This approach is consistent with the requirements of Rule 26(a)(2)(C), which do not require an extremely detailed or exhaustive account of every fact or opinion, but rather a summary sufficient to inform the opposing party of the general substance of the testimony. *Id*. "'[D]isclosure under Rule 26(a)(2)(C) for non-retained experts is considerably less extensive than the report required by Rule 26(a)(2)(B) for retained experts, and [c]ourts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have.'" *United States v. An Easement & Right-of-Way Over 1.58 Acres of Land*, 343 F. Supp. 3d 1321, 1339 (N.D. Ga. 2018), quoting *United States v. An Easement & Right-of-way Over 6.09 Acres of Land, More or Less, in Madison Cnty., Alabama*, 140 F. Supp. 3d 1218, 1244 (N.D. Ala. 2015).

Le's expert disclosure included a summary sufficient to inform Defendant of the general substance of the testimony.  Because the listed experts are non-retained, the level of required information is significantly less.  The information provided was sufficient in accordance with Rule 26(a)(2)(C).

COUNXEL
LEGAL FIRM

**B.    The Experts Should Not be Classified as Lay Witnesses.**

Defendant's request to limit the testimony of non-retained expert witnesses to that of lay witnesses is improper and contrary to Fed. R. Evid. 701.  Under Fed. R. Evid. 701, a lay witness may offer opinion testimony only if it is (a) rationally based on the witness's perception, (b) helpful to understanding the witness's testimony or determining a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge. Fed. R. Evid. 701.   By contrast, the testimony of a treatment provider necessarily involves specialized knowledge within the scope of Fed. R. Evid. 702.  Accordingly, reclassifying such witnesses as lay witnesses would be inappropriate and inconsistent with the Rules of Evidence.  Moreover, Le properly disclosed the required information under Fed. R. Civ. P. 26(a)(2)(C) and, therefore, the treating providers should be able to testify as experts in addition to providing any factual testimony that may be necessary.

**C.    Defendant's Motion to Strike is Frivolous and Should be Denied.**

Defendant's Motion to Strike is frivolous because it is not based on a reasonable or competent inquiry into the applicable law or facts. *Moore v. Keegan Mgmt. Co. (In re Keegan Mgmt. Co., Sec. Litig.)*, 78 F.3d 431 (9th Cir. 1996).  Defendant's Motion to Strike fails to acknowledge the standard of Federal Rule of Civil Procedure 26 and instead seeks to impose an unduly burdensome requirement that is not supported by the rules or case law.

Furthermore, the standards for imposing sanctions or granting a motion to strike require a showing of bad faith, recklessness, or intent to harass, none of which are present here. *Id*.  Le's actions are consistent with the Federal Rules of Civil Procedure and demonstrate good faith compliance with the duty to disclose and supplement.  Defendant's Motion to Strike, by contrast, appears to be an attempt to needlessly increase the cost of litigation, for Le and Defendant, and delay the proceedings, which are both contrary to the purpose of the rules governing discovery and expert disclosures.

**III.    CONCLUSION**

For the foregoing reasons, Defendant's Motion to Strike should be denied.  Le has fully complied with the disclosure requirements for expert witnesses as set forth in Fed. R.

Civ. P. 26, which mandates only the identification of the witness and a summary of the facts and opinions for non-retained experts, rather than the more extensive report required for retained experts.  Le's Expert Disclosure is a summary sufficient to inform the opposing party of the general substance of the testimony which meets the necessary requirements.

Furthermore, restricting the expert witness to lay testimony would contravene the Federal Rules of Evidence, which allow qualified experts (including treating physicians) to offer opinion testimony if the proponent demonstrates that the witness is qualified by knowledge, skill, experience, training, or education. Fed. R. Evid. 701.  Such a limitation would undermine the purpose of expert testimony and deprive the trier of fact of relevant and helpful information.

Finally, Defendant's Motion to Strike is frivolous, as it is not grounded in the applicable law or facts and disregards the requirements for non-retained experts under Fed. R. Civ. P. 26.

RESPECTFULLY SUBMITTED this 30th day of March, 2026.

**COUNXEL LEGAL FIRM**

*/s/ Andrew N. Morrow*
Andrew N. Morrow, Esq. CAID #18/384
Andrew P. Meier, Esq. CAID #26/106
2222 South Dobson Road, Suite 1104
Mesa, Arizona 85202
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing was served upon Mia K. Lardy and Tessa L. Chrisman, Attorneys for Defendant, Modrall, Sperling, Roehl, Harris & Sisk, P.A., P.O. Box 2168, Albuquerque, New Mexico 87103, by email on March 30, 2026.

*/s/ Stacey King*
Stacey King

4