**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DANIEL LE,

    Plaintiff,

vs.                                    Case No. 1-25-cv-00591 LF/JFR

BOARD OF EDUCATION FOR
ALBUQUERQUE PUBLIC SCHOOLS,

    Defendant.

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS DISCLOSURES AND TO LIMIT THE SCOPE OF PLAINTIFF'S TREATING PROVIDERS' TESTIMONY, OR, IN THE ALTERNATIVE, TO COMPEL COMPLETE EXPERT DISCLOSURES**

The arguments raised in Plaintiff's Response to Defendant's Motion to Strike Plaintiff's Expert Witness Disclosures [Doc. 40] are wholly inconsistent with plain language from the disclosures themselves, the requirements within the Court's Order Setting Case Management Deadlines [Doc. 13], and the very purpose of discovery rules. Moreover, Plaintiff's Response clarifies his intent to offer medical expert opinions – including causation opinions – from providers for whom he has not provided summaries of the facts or opinions to be offered. This is improper and unduly prejudicial to APS, as APS was supposed to receive this information no later than December 3, 2025, months in advance of its own expert disclosure deadline on March 20, 2026. Accordingly, APS has demonstrated within the underlying Motion, and below, that Plaintiff's expert disclosures are insufficient and are properly stricken by the Court.

**ARGUMENT**

**I.**       **Plaintiff Has Failed to Demonstrate Compliance with Fed. R. Civ. P. 26(a)(2), this Court's Order Setting Case Management Deadlines, or the Local Rules with Respect to His Expert Disclosure.**

In an attempt to understate his obligations under Rule 26, including Local Rule D.N.M.LR-Civ. 26.3(b) (cited in the Motion [Doc. 37], at 4), Plaintiff clings to the uncontested fact that a party has lesser obligations when disclosing non-retained experts than it does for retained experts, but then fails to demonstrate that he actually satisfied these lesser obligations with respect to the six non-retained experts he disclosed. *See generally*, Response [Doc. 37], at 2. Plaintiff's failure to demonstrate compliance with his obligations under Rule 26(A)(2), the corresponding local rule D.N.M.LR-Civ. 26.3(b), and the Court's Order Setting Case Management Deadlines [Doc. 13] (which incorporates Rule 26(A)(2)), warrants an Order striking Plaintiff's Disclosure in this case.

As an initial matter, Plaintiff has conceded that Rule 26(a)(2)(C) requires disclosing parties to provide a summary of the facts and opinions to be offered by non-retained expert witnesses. *See* Response [Doc. 40], at 2. Additionally, by failing to address or refute APS's argument to the contrary, Plaintiff has also conceded that his expert disclosures expressly state that a summary of facts and opinions to be offered will be provided in supplementation, belying any assertion that the requisite summaries are included in Plaintiff's Disclosure. *See* Motion [Doc. 37], at 2-3; Response, at 1-4; *Shijie Liu v. Pamela Bondi et al.*, 2026 WL 878280 at *5 (D.N.M. Mar. 31, 2026) (supporting the proposition that a failure to address an argument in a responsive brief constitutes concession); *see also* Plaintiff's Disclosure [Doc. 26] (providing a "subject matter" for each Provider and stating that "Plaintiff has not yet obtained all [Provider's] records ***and will supplement a summary of the facts and opinions to which* [Provider] *is expected to testify*….") (emphasis added). These concessions alone wholly negate Plaintiff's conclusory assertion that he has complied within his Rule 26 obligations in disclosing expert witnesses in this case.

Plaintiff's argument that his disclosures are sufficient also fails for lack of legal support. First, Plaintiff tellingly failed to cite to any binding case law within his entire Response. *See*

2

*generally*, Response [Doc. 37] (citing only federal cases from the Northern District of Georgia, Northern District of Alaska, and the Ninth Circuit).

Second, despite claiming that he has provided a "summary sufficient to inform Defendant of the general substance of the testimony" to be offered by the non-retained providers, Plaintiff's Response fails to refute or address that he provided identical disclosures for five out of the six providers disclosed. *See* Motion [Doc. 37], at 2. Plaintiff did not attempt to distinguish his conduct from *Munoz*, a recent case from the District of New Mexico cited in the Motion, where the court concluded that the plaintiff's expert disclosures failed to comply with Rule 26 when they provided identical disclosures for two treating providers and were unclear about the facts each provider would testify to and what opinions they would state. *See* Motion [Doc. 37], at 4-5 (citing *Munoz v. FCA US, LLC*, 2019 WL 3007095 (D.N.M. July 10, 2019)). Plaintiff also failed to make any attempt to demonstrate how the identical information provided for his treating providers is possibly capable of providing APS with notice of the specific expert opinions Plaintiff intends to elicit at trial. *See generally*, Response [Doc. 40]. Similarly, Plaintiff did not attempt to distinguish his expert disclosures from those in *Walker v. Spina*, another District of New Mexico case, where the court concluded that it was insufficient for a disclosing party to only state the subject matter on which treating providers might testify, as Plaintiff has done here. *See* Motion [Doc. 37], at 5 (citing 2019 WL 145626, at *26 (D.N.M. Jan. 9, 2019)).

Third, with respect to Plaintiff's argument that he has given APS a release for medical records for each of the listed providers, this is not sufficient to comply with Rule 26 obligations for non-retained treating provider experts. *See e.g., Lopez v. Singh,* 2023 WL 7130422 (D.N.M. Oct. 30, 2023) ("[R]eferring to medical records does not cure insufficient Rule 26 expert disclosures… a proper non-retained expert disclosure should also identify specifics from those records….").

Fourth, Plaintiff has not shown that he provided all required information by the deadline set in the Court's Order Setting Case Management Deadlines [Doc. 13]. The Court's Order was express that Plaintiff's deadline to provide his Rule 26(a)(2) expert disclosure was December 3, 2025 and, that on this date, Plaintiff was required to "disclose the names of all expert witnesses, the subject matter on which the experts will present evidence, ***and a summary of the facts and opinions to which the experts are expected to testify by this date.***" [Doc. 13] (emphasis added). Here, as established within the Motion, it is clear from plain language in Plaintiff's disclosures that supplementation would be needed to provide the summary of facts and opinions to which each designated provider would testify. Accordingly, Plaintiff cannot demonstrate that he timely provided the information he was ordered to provide by the Court. Moreover, despite that at least 255 pages of medical records have been obtained by APS through releases and produced to Plaintiff since December 3, 2025, the date of his expert disclosure, Plaintiff has failed to supplement to provide any update on the anticipated opinions or facts to which any of his designated providers will testify. As such, Plaintiff cannot excuse his failure to provide sufficient expert disclosures based on lack of records.

Fifth, and finally, Plaintiff has failed to address or refute the prejudice caused by his insufficient expert disclosures demonstrated by APS within its Motion. *See* Motion [Doc. 37], at 5. As such, Plaintiff has conceded this issue and has not shown, using any of the *Ellsworth* factors, why this Court should decide against exclusion of expert testimony from the six providers identified by Plaintiff. *Id.* (citing *Ellsworth v. Tuttle*, 148 Fed. Appx. 653, 665 (10th Cir. 2005)); *see generally*, Response [Doc. 40]; *Liu*, 2026 WL 878280 at *5. Further, Plaintiff's failure to timely provide required information within his disclosures is contrary to the very purpose of discovery rules – namely to "make trial less of a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United Nuclear Corp. v.*

*Gen. Atomic Co.*, 1980-NMSC-904, ¶ 54, 96 N.M. 155, 629 P.2d 231 (*citing United States v. Proctor & Gamble Co.*, 356 U.S., 677, 682 (1958)).

Accordingly, Plaintiff has wholly failed to demonstrate compliance with his Rule 26(a)(2), D.N.M.LR-Civ. 26.3(b), and/or the Court's Order Setting Case Management Deadlines [Doc. 13]. His expert disclosures should, therefore, be stricken.

**II.      Plaintiff Has Failed To Demonstrate That Improperly Disclosed Treating Providers Should Be Allowed to Offer Expert Testimony Under Rule 702.**

Within his Response, Plaintiff does nothing to challenge the arguments or authority provided by APS in support of its request that the Court limit testimony from Plaintiff's disclosed treating providers to that which might be offered under Rule 701. Instead, Plaintiff simply states that, as a general proposition, treating providers can be allowed to offer testimony based on specialized knowledge under Rule 702. As such, Plaintiff's Response only underscores why an order from the Court limiting Plaintiff's treating providers to providing testimony under Rule 701 is necessary and proper in this case – namely, because Plaintiff intends to offer expert opinions from witnesses despite failing to properly disclose those opinions within his disclosure.[1]

Indeed, Plaintiff provides no case law refuting *Montoya v. Sheldon*, which, as set forth in the Motion, holds that "[a] witness not properly identified as an expert pursuant to rule 26 of the Federal Rules of Civil Procedure may thus testify as a lay witness." Motion [Doc. 37], at 6 (citing 286 F.R.D. 602, 610 (D.N.M. 2012); *see generally*, Response [Doc. 40]. Accordingly, if the Court

---

[1] Additionally, it is worth noting that Plaintiff's position as to whether he intends to offer expert opinion from these treating providers has been inconsistently stated to APS. Indeed, when APS sought Plaintiff's position on the underlying Motion, Plaintiff's counsel claimed that the Motion was frivolous because "we have not offered any experts," *see* March 19 emails, attached as **Exhibit B**, which was contrary to the language identifying the providers as potential experts in his disclosure, *see* [Doc. 26]. Now, within his Response, Plaintiff signals that any testimony from his treating providers will "necessarily involve[] specialized knowledge within the scope of Fed. R. Evid. 702." Response [Doc. 37], at 3. Curiously, he does not include any of the points raised within the March 19 emails within the portion of his Response that claims the Motion is frivolous, demonstrating a further departure from his previous position. *Compare* Ex. B. to Response [Doc. 40], at 3. Accordingly, there is demonstrable need for an order from this Court which expressly states what testimony will and will not be permitted from Plaintiff's treating providers to avoid undue surprise and prejudice to APS.

finds that Plaintiff has improperly disclosed his treating providers, Plaintiff has provided no argument or legal bases which precludes the Court from limiting the testimony of those providers to the scope of testimony permitted under Rule 701, as requested within the Motion.

**III.     Plaintiff Does Not Address or Dispute the Propriety of the Alternative Relief Sought by APS**.

Within his Response, Plaintiff does not address APS's request for alternative relief or the arguments underlying it and has conceded these points. *Liu*, 2026 WL 878280 at *5. Accordingly, to the extent the Court is inclined to offer Plaintiff additional time for his disclosures, Plaintiff has offered no bases or legal support which would preclude the alternative relief sought by APS, including: (A) that the Court compel Plaintiff to provide complete expert disclosures under Rule 26(a)(2) for each of the six providers listed within seven days of the Court's Order on this Motion; and (B) that the Court extend APS's expert disclosure deadline and allow APS thirty days after Plaintiff's supplemental disclosure to (1) supplement the disclosure of experts timely disclosed by APS, and (2) disclose additional experts. *See* Motion [Doc. 37], at Section III.

**IV.     APS's Motion is Not Frivolous and is Clearly Based on Federal Standards, the Court's Order Setting Case Management Deadlines, and Local Rules.**

Within his Response, Plaintiff claims that APS's Motion is frivolous because it "fails to acknowledge the Federal Rule of Civil Procedure 26 and instead seeks to impose an unduly burdensome requirement that is not supported by rules or case law." Response [Doc. 40], at 3. This statement is patently false. APS's Motion cites to and relies on Fed. R. Civ. P. 26 and 37, D.N.M.LR-Civ. 26.3(b), Fed. R. Evid. 701, and the Court's Order Setting Case Management Deadlines [Doc. 13], along with at least four District of New Mexico cases and four Tenth Circuit cases. *See* Motion [Doc. 37]. Comparatively, Plaintiff's Response cites exclusively to cases from other judicial districts and circuits. *See generally*, Response [Doc. 40]. Moreover, none of the authority cited by Plaintiff does anything to obviate his obligations under Rule 26, or to excuse his

failure to timely provide a summary of facts and opinions to which the identified non-retained treating providers will testify to. *See* Section I *supra*. Accordingly, APS has demonstrated that its Motion has strong legal support and is justified by the facts of this case and, further, that it is entitled to the relief sought by the Motion. If any party's conduct has needlessly increased the cost of litigation here, it is Plaintiff, whose conduct in providing a facially deficient expert disclosure has necessitated this Motion.

## CONCLUSION

APS has demonstrated in the underlying Motion and herein that Plaintiff's Expert Disclosure [Doc. 26] is insufficient under the applicable rules and this Court's Order. Accordingly, the Court should enter an order striking Plaintiff's expert disclosures and limiting the scope of testimony for the six treating providers therein to lay witness testimony under Rule 701. Alternatively, APS respectfully requests that the Court compel Plaintiff to supplement his disclosures of each of the six listed treating providers in accordance with Rule 26(a)(2) within seven days of the Court's Order on this Motion, and that the Court extend APS's expert disclosure deadline until thirty days after Plaintiff's supplementation. Finally, APS respectfully requests that the Court consider awarding APS its reasonable costs and attorneys' fees incurred in bringing this Motion under Rule 37(a)(3)(a) and (a)(5)(A) and grant Defendant any other and further relief the Court deems just and proper.

Respectfully submitted,

MODRALL, SPERLING, ROEHL,
  HARRIS & SISK, P.A.


 */s/      Tessa L. Chrisman*
Mia K. Lardy (mia.lardy@modrall.com)
Tessa L. Chrisman (tessa.chrisman@modrall.com)
Emily J. Windsor (emily.windsor@modrall.com)
P. O. Box 2168
Albuquerque, NM 87103-2168
(505) 848-1800
Fax (505) 848-9170
*Attorneys for Defendant Albuquerque Public Schools*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of April, 2026, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

**Counxel Legal Firm**
Andrew N. Morrow
Andrew P. Meier
2222 S. Dobson Rd. Suite 1104
Mesa, AZ 85202
(480) 536-6122
amorrow@counxel.com
ameier@counxel.com
*Attorneys for Plaintiff*

MODRALL, SPERLING, ROEHL
  HARRIS & SISK, P.A.

By:  */s/ Tessa L. Chrisman*
        Tessa L. Chrisman

8