# Exhibit 1-9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **DANIEL LE,** | **Case No: 1:25-cv-00591** |
| **Plaintiff,** | |
| **v.** | **COMPLAINT** |
| **BOARD OF EDUCATION FOR** | |
| **ALBUQUERQUE PUBLIC SCHOOLS, a** | **Judge:** |
| **political subdivision of the State of New** | **DEMAND FOR TRIAL BY JURY** |
| **Mexico, for itself and its public operations,** | **ON ALL COUNTS SO TRIABLE** |
| **"Albuquerque Public Schools,"** | |
| **Defendants** | |

**COMES NOW** the Plaintiff, Daniel Le (hereafter referred to as "Plaintiff," or "Le"), by and through undersigned counsel, Counxel Legal Firm (Andrew N. Morrow Esq.) and hereby files this Complaint against the Defendant, BOARD OF EDUCATION FOR ALBUQUERQUE PUBLIC SCHOOLS, a political subdivision of the State of New Mexico, for itself and its public operations, "Albuquerque Public Schools," (hereafter referred to as "Defendant," or "ABQPS" unless specified otherwise) for violations of 42 U.S.C.A § 2000e *et seq.*, "Title VII of the Civil Rights Act" or "Title VII" and supplementary causes of action. In support of this Complaint, Plaintiff hereby states, avers and alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action brought by Daniel Le against the Defendant, the Albuquerque Public Schools, a political subdivision of the State of New Mexico organized for educational purposes,

1



EXHIBIT

tabbles®

9

for acts and omissions of the Defendant and any all and agents, employees or representatives of the Defendant that work under the Albuquerque Public Schools

2. This civil action is initiated against the Defendant for violations of Title VII of the Civil Rights Act, specifically for discrimination against the Plaintiff on the basis of his racial and sexual characteristics and for such supplemental causes of action as are enumerated herein.

3. This civil action involves causes of action that either the Defendant discriminated against the Plaintiff unlawfully in his employment by discriminating towards Plaintiff's race and sex by sexual harassment, punishing Plaintiff's complaints by retaliation with sham discipline, and enacting more discipline due to Plaintiff engaging in required whistleblowing.

4. Plaintiff is of Asian ethnicity and male sex, this was exploited by Defendant's administration, Plaintiff took the correct whistleblowing steps and was punished for doing so, Defendant engaged in an adverse employment action for Plaintiff taking the correct steps in their employment requirement.

5. Plaintiff hereby reserves the right to amend or supplement any and all lines of this Complaint as necessary as facts, Parties and theories may be discovered.

## JURISDICTION AND VENUE

6. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.

7. This Court has jurisdiction over the subject matter of this action pursuant to 42 U.S.C.A. § 2000e-5 *et seq*.

8. Venue is proper in this District and this Court as all acts and omissions complained of took place within the State of New Mexico.

9. This Court has jurisdiction over the Parties as all Parties reside or have their principal place of business within the jurisdiction of this Court.

10. Plaintiff has hereby exhausted his administrative remedies in this matter and initiates this action within the statutorily prescribed timeframe laid out in 42 U.S.C.A. § 2000e-5 *et seq.*

11. Upon information and belief, if discovery reveals that Defendant has organized one or more affiliate organizations or corporations which are not yet a Party to this action and that other affiliate organization or corporation is the true perpetrator of the acts and omissions which give rise to this Complaint then the acts and omissions of that non-Party affiliate of Defendant are imputable and attributable to the named Defendant.

12. Plaintiff hereby reserves the right to amend or supplement any and all lines of this Complaint as necessary as facts, Parties and theories may be discovered.

## NOTICE

13. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.

14. Notice of the commencement of this action is given to the Defendant by service of process upon the Defendant's Registered Agents in New Mexico.

15. Defendant has also been given notice of the possibility of this action by the Plaintiff exhausting his administrative remedies in this matter.

16. Plaintiff hereby reserves the right to amend or supplement any and all lines of this Complaint as necessary as facts, Parties and theories may be discovered.

## AUTHORITY

17. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.

18. Authority to bring this action is vested in private individuals who have exhausted their administrative remedies and who bring actions such as this within the statutorily prescribed timeframe by the provisions of 42 U.S.C.A. § 2000e-5 *et seq*.

19. Plaintiff hereby reserves the right to amend or supplement any and all lines of this Complaint as necessary as facts, Parties and theories may be discovered.

## THE DEFENDANT

20. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.

21. Upon information and belief, Defendant Board of Education for Albuquerque Public Schools is a public schooling administration in the State of New Mexico, a political subdivision of the State of New Mexico.

22. Upon information and belief, Defendant Board of Education for Albuquerque Public Schools operates and operated various establishments for the purposes of providing education to children of the community.

23. Upon information and belief, all acts and omissions complained of which were perpetrated by any ABQPS staff or administrators are attributable to Board of Education for Albuquerque Public Schools such that the Board of Education for Albuquerque Public Schools is liable for the acts and omissions complained of in this Complaint.

24. Upon information and belief, if discovery reveals that Defendant has organized one or more affiliate organizations or corporations which are not yet a Party to this action and that other affiliate organization or corporation is the true perpetrator of the acts and omissions which give rise to this Complaint then the acts and omissions of that non-Party affiliate of Defendant are imputable and attributable to the named Defendant.

25. Plaintiff hereby reserves the right to amend or supplement any and all lines of this Complaint as necessary as facts, Parties and theories may be discovered.

## STATUTORY AND REGULATORY BACKGROUND

26. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.

27. Title VII of the Civil Rights Act is designed to accomplish the policy of the United States, to prohibit discrimination in employment on the basis of an individual's race, color, religion, sex or national origin. 42 U.S.C.A. § 2000e-2 *et seq*.

28. Plaintiff hereby reserves the right to amend or supplement any and all lines of this Complaint as necessary as facts, Parties and theories may be discovered.

### *Prohibition of Employment Discrimination*

29. Section 2000e defines "person" as one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees or receivers.

30. Section 2000e defines "employer" as a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person. The United States, wholly owned corporations of the United States, Indian tribes and departments or agencies of the District of Columbia and bona fide membership clubs exempt from taxation under Section 501(c) of Title 26 are not defined as "employers" by 2000e as provisions for those entities are accounted for by other statutes.

31.  Section 2000e defines "employee" as an individual employed by an employer except for elected officials, the staff of elected officials or political appointees or advisers to such political appointees.

32.  Section 2000e-2(a) defines an "unlawful employment practice" as being when an employer fails or refuses to hire, or discharges, any individual or otherwise discriminates against, limits, segregates or classifies any individual in their compensation, terms, conditions or privileges of employment because of the individual's race, color, religion, sex or national origin.

33.  Section 2000e does not define an "adverse employment action" as such but case law in the 10th circuit, applicable in this matter, has held that an "adverse employment action" is one which causes significant disruption to not just current employment such as benefits, responsibilities and pay but also causes harm to future employment prospects. Hillig v. Rumsfeld, 381 F.3d 1028 (2004).

*Who May Bring a Suit*

34.  Section 2000e-5(f) authorizes private individuals who have initiated, engaged in and exhausted their administrative remedies through the Equal Employment Opportunity Commission ("EEOC") to initiate a civil suit within 90 days of receiving the Right to Sue Notice from the EEOC.

*Relief Available*

35.  Section 2000e-5(g), other sections of Title VII of the Civil Rights Act and relevant case law provide for several remedies in a civil suit including, but not necessarily limited to:

    a.  An injunction prohibiting the employer from engaging in the unlawful employment practice;

6

b.  Reinstatement or hiring of the employee;

c.  Back pay and front pay;

d.  Compensatory damages;

e.  Punitive damages; and,

f.  Attorneys' fees and court costs.

## GENERAL ALLEGATIONS

36. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.

37. Plaintiff is a male of Asian descent.

38. On November 6, 2020, Plaintiff was involved in a meeting with Defendant's principle Felicia Mondragon to discuss an unrelated incident of sexual harassment among the student body where Ms. Mondragon referred to Plaintiff's nephew as "China Doll."

39. On November 17, 2021, Plaintiff became aware of an incident of sexual harassment among the student body, captured on video, which is a violation of New Mexico Statutes Annotated Chapter 30, Article 6.

40. The incident included one student being subjected to aggressive hip thrusts by another student.

41. Plaintiff approached ABPQS administration to address the video and the harassment and found the administration to be enjoying the matter as one of frivolity.

42. Ms. Mondragon was observed watching the video in question and laughing uproariously at the victimized student's pain.

43. Ms. Mondragon was dismissive of Plaintiff's concerns and unilaterally declared that no sexual harassment was taking place in the video, contrary to the clear evidence of Plaintiff's eyes and ears.

44. Knowing that Ms. Mondragon was in the wrong, and being obligated to report the incident of sexual harassment observed, Plaintiff took steps to disclose Ms. Mondragon's dismissiveness of sexual harassment among the student body to all requisite authorities.

45. In late January 2022, Ms. Mondragon yelled at Plaintiff across the halls of the school, referring to Plaintiff by the name of "Tono Ren Nosaka" an Asian character from a pornographic book series who engages in unorthodox sexual practices for the gratification of clients of the character.

46. Ms. Mondragon yelled the comment, "Tono! Breathe with me!" which was heard by many students and faculty and was clearly designed to sexualize and racialize Plaintiff and to make Plaintiff intensely uncomfortable with the implication that he existed for the sexual gratification of Ms. Mondragon.

47. In April of 2022, Ms. Mondragon utilized an exaggerated caricature of a faux Asian accent when referring to Plaintiff's family member, in the presence of students.

48. In September of 2023, Plaintiff became aware that, at the prompting of a faculty member's open violation of Title IX's prohibitions, a school administrator appeared to have been influenced to undermine Plaintiff's credibility with the student body by indicating that it was inappropriate for Plaintiff, a male, to speak with female students.

49. Nothing prompted this pattern of undermining behavior and Plaintiff was forced to interpret these actions as animus against Plaintiff as a male.

50. Following the events of September, 2023, Plaintiff became aware that Defendant took umbrage at Plaintiff reporting the failures of ABQPS leadership to comply with the law requiring reporting of sexual harassment of children, asserting that reporting such incidents of sexual harassment were not Plaintiff's "place," and Defendant began to subject Plaintiff to false instances of discipline, calculated to manufacture cause to terminate Plaintiff.

51. Defendant placed Plaintiff on a fraudulent performance improvement plan with false allegation of malfeasance, attempted to force Plaintiff, under duress, to sign documents admitting to his need of performance improvement, Defendant undertook steps to threaten Plaintiff's professional licenses and attempted to force Plaintiff to undergo a "due process hearing" which would give Defendant the bare minimum of respectability to say that they underwent Plaintiffs rights.

52. Defendant's allegations were false, their procedures were illegitimate and their actions did not serve any purpose but protecting ABQPS from the consequences of their malice towards Plaintiff, malice based upon Plaintiff performing his required whistleblowing and a perverse fetishization of Plaintiff's race and sex by Defendant leadership.

53. Following these instances of attempted malicious discipline, Plaintiff defended himself vigorously against the Defendant's sham accusations.

54. Plaintiff eventually was reassigned to a different place of employment but the damage to Plaintiff's professional reputation was done.

55. Plaintiff's future prospects within his chosen field of employment have been damaged and curtailed by the malicious statements and false discipline that Defendant has subjected Plaintiff too.

56. Defendant's actions of subjecting Plaintiff to sham discipline, Defendant's agent's actions which sexually and racially objectified Plaintiff and damaged Plaintiff's professional prospects all constitute discriminatory actions.

57. Defendant's actions above also constituted retaliatory conduct as they were done to Plaintiff in response to Plaintiff's exercise of his whistleblowing responsibilities in reporting Defendant's ancillary lawbreaking regarding the sexual victimization of students and the Defendant's flippant disregard of that victimization.

58. Following the reassignment, Plaintiff filed a complaint with the Equal Employment Opportunity Commission, complaining of the discriminatory and retaliatory actions of Defendant.

59. The investigation into Plaintiff's complaint was concluded and a Right to Sue notice was issued to Plaintiff on May 22, 2025, thus, this action is initiated within the statutory timeframe allowable.

60. Plaintiff hereby reserves the right to amend or supplement any and all lines of this Complaint as necessary as facts, Parties and theories may be discovered.

## COUNT ONE: TITLE VII DISCRIMINATION IN EMPLOYMENT

61. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.

62. Plaintiff is a member of a protected class as a person of Asian origin.

63. Plaintiffs biological sex is also protected when the actions taken against him are based upon that sex.

64. Plaintiff is qualified for his position, as he is a licensed counselor, and the attempts by Defendant to gin up accusations of malfeasance in that position are see through-shams.

65. Plaintiffs future job prospects are diminished due to being treated less favorably than those of his peers who are not in Plaintiff's protected class because of Ms. Mondragon's perverse fetishization of Plaintiff as a racial and sexual object.

66. Defendant's actions of subjecting Plaintiff to sham discipline, Defendant's agent's actions which sexually and racially objectified Plaintiff and damaged Plaintiff's professional prospects all constitute discriminatory actions.

67. Therefore, Defendant is liable to Plaintiff under Title VII of the Civil Rights Act.

68. Plaintiff hereby reserves the right to amend or supplement any and all lines of this Complaint as necessary as facts, Parties and theories may be discovered.

## COUNT TWO: TITLE VII RETALIATION

69. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.

70. Plaintiff was engaged in opposition to Title VII discrimination when he opposed the sexual harassment of a student that Defendant's administration found to be amusing.

71. This has diminished Plaintiffs future job prospects in a negative manner.

72. There exists a causal connection between the action Plaintiff took to oppose the sexual harassment of a student that Defendant's Administration took such delight in and the adverse employment actions Defendant undertook against Plaintiff as Defendant began to target him for sham discipline immediately following Plaintiff's disclosure of the inappropriate glee in a child's sexual harassment that Defendant's administration engaged in to the relevant authorities.

73. Therefore, Defendant is liable to Plaintiff under Title VII of the Civil Rights Act.

74. Plaintiff hereby reserves the right to amend or supplement any and all lines of this Complaint as necessary as facts, Parties and theories may be discovered.

## COUNT THREE: WHISTLEBLOWER PROTECTION ACT

75. Plaintiff hereby references and reincorporates each preceding line as if fully set forth hereat.

76. This cause of action is asserted as a supplemental cause of action under the Court's supplemental jurisdiction as there exists a common nucleus of operative fact between the federal causes of action and this state cause of action.

77. This cause of action is brought under New Mexico Statutes Annotated 10-16C-1 *et seq.*, New Mexico's Whistleblower Protection Act.

78. Plaintiff is a public employee, and Defendant is a public employer.

79. Plaintiffs future job prospects have been harmed through retaliatory action against Plaintiff because Plaintiff communicated to Defendant, and other relevant authorities, Defendant's failure to address the sexual harassment of a student.

80. Defendant's actions were presumptively retaliation due to the close chronological nexus between Defendants' acts and the events that Plaintiff complained of, and Defendants false assertion that Plaintiff, a mandatory reporter, had no authority to report his suspicions to the relevant authorities.

81. Therefore, Defendant is liable under the Whistleblower Protection Act.

## PRAYER FOR RELIEF

**WHEREFORE,** on the basis of the preceding allegations, the Plaintiff hereby prays that this Court grant the Plaintiff the following relief:

1.  For a judgment of damages against Defendant on all applicable theories of law in an amount to be proven at trial but for not-less-than $1,000,000;

2.  For an award of Plaintiff's attorneys' fees and costs under all applicable theories of law;

3.  For an award of pre- and post-judgment interest under all applicable theories of law;

4.  For any such other relief as the Court may deem just under the circumstances.

RESPECTFULLY SUBMITTED this 20th day of June, 2025.

COUNXEL LEGAL FIRM

/s/  Andrew Morrow
Andrew N. Morrow Esq.
2222 S. Dobson Rd. Suite 1104
Mesa, AZ  85202
*Attorney for Plaintiff*

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Daniel Le

**DEFENDANTS**
Board of Education for Albuquerque Public Schools

**(b)** County of Residence of First Listed Plaintiff    Bernalillo County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Andrew Morrow - Counxel Legal Firm
2222 South Dobson Road, Suite 1104, Mesa, AZ 85202  (480)536-6122

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. section 2000e et seq.
Brief description of cause:

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE
06/23/2025

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 08/18)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.