**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DANIEL LE,

     Plaintiff,

vs.                              Case No. 1-25-cv-00591 LF/JFR

BOARD OF EDUCATION FOR
ALBUQUERQUE PUBLIC SCHOOLS,

     Defendant.

**DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT**

**EXHIBIT
1**

Plaintiff failed to demonstrate a genuine issue exists for trial on his Title VII claims. In his Response, [Doc. 46], Plaintiff seeks to survive summary judgment based on conduct in August 2023 (performance improvement plan ("PIP") and/or lateral transfer) and on January 19, 2024 (paid administrative leave). As such, APS is entitled to at least partial summary judgment on Title VII claims based on conduct prior to March 25, 2023, in September 2023, and from November 16, 2023 to January 18, 2024. Plaintiff also conceded that his underlying EEOC Charge, even as amended, only raised claims of discrimination and/or retaliation based on events from November 16, 2023, to January 19, 2024. Plaintiff has therefore failed to exhaust administrative remedies for conduct prior to November 16, 2023. Finally, Plaintiff failed to establish any prima facie case of discrimination and/or retaliation as to the August 2023 or January 2024 conduct, especially as Plaintiff cannot establish that Plaintiff was subjected to any adverse employment action and has not shown APS's bases for those employment decisions were pretextual.

Plaintiff's NMWPA claim fails because Plaintiff cannot demonstrate with any specific evidence that APS was aware of any of Plaintiff's alleged protected disclosures prior to making those decisions. There is no causal connection between Plaintiff's protected disclosure and APS's conduct – a required element of a NMWPA claim. Further, Plaintiff cannot show that Plaintiff suffered from any adverse employment action capable of grounding his NMWPA claim – another required element. Consequently, Plaintiff has not shown a need for trial on his NMWPA claim.

**REPLY IN SUPPORT OF APS'S UNDISPUTED MATERIAL FACTS ("UMFs")**

Plaintiff did not address, respond to, counter, or specifically controvert UMFs 1-9 or UMFs 11-28 within his Response. *See* Response [Doc. 46], at 3. Accordingly, the foregoing UMFs are undisputed and the Court may consider them true for purposes of the Motion.

As to UMF 10, Plaintiff disputes that APS transferred him to Sandia High School and/or placed him on a PIP as a result of the due process hearing. *Id.* He does so with no citation to

1

evidence, contrary to D.N.M.LR-Civ. 56.1(b). Further, Plaintiff does not dispute that Exhibit B to the Motion shows Plaintiff violated APS policy or that Plaintiff was transferred and placed on a PIP. *See* Response [Doc. 46]; Ex. B to Motion at 4-5. As such, Plaintiff attempts to create a genuine issue based solely on argument of counsel, which is improper and insufficient. *Duran v. United Tactical Sys., LLC*, 585 F. Supp. 3d 1314, 1321 (D.N.M. 2022). Because Plaintiff has failed to controvert UMF 10, the Court can consider it undisputed.

**RESPONSE TO PLAINTIFF'S ADDITIONAL "MATERIAL" FACTS ("PAMFs")[1]**

Plaintiff only argues that his claims should survive based on his placement on a PIP and/or transfer in August 2023, *see* Response [Doc. 46], at 6-11, 13, and his placement on administrative leave on January 19, 2024, *id.*, at 7. *See also* UMFs 10, 16. Any PAMFs which pertain to other alleged acts of discrimination are immaterial.[2] Nevertheless, APS addresses each PAMF[3] in turn:

APS does not dispute **PAMF A** that Plaintiff is a member of a protected class, but it is immaterial as APS's arguments that Plaintiff cannot establish a Title VII prima facie case are directed to other elements – adverse employment action or causation. *See* Motion [Doc. 39].

**PAMF B-E** are vague and ambiguous, failing to provide relevant information like a date, reason, name, or context. Plaintiff does not show any causal connection between these PAMFs and any adverse employment action. *See generally*, [Doc. 46]. As such, these facts are not sufficient

---

[1] The PAMFs do not comply with the Local Rules. First, the PAMFs rely on 205 pages of exhibits, contrary to D.N.M.LR-Civ. 10.5. Second, Plaintiff's exhibits do not identify purportedly relevant portions, contrary to D.N.M.LR-Civ. 10.6. It is unclear whether Plaintiff filed only those pages of an exhibit "which are to be brought to the Court's attention" – another violation of D.N.M.LR-Civ. 10.5. Finally, the PAMFs do not cite portions with particularity, as there are no line numbers for cited deposition testimony. This is contrary to D.N.M.LR-Civ. 56.1(b).

[2] While Plaintiff has suggested that prior acts of alleged discrimination or retaliation may be used as background evidence, *see* Response, [Doc. 46], at 6, case law is clear that discrete prior acts of discrimination cannot be used as the sole evidence to establish a timely-raised claim of discrimination; there must be some "evidence of discriminatory purpose other than (at most) [a] discrete time-barred decision." *Haynes v. Level 3 Communications,* 456 F.3d 1215, 1223 (10th Cir. 2006). As none of the three bases of discrimination or retaliation can support a prima facie case for reasons set forth in the Motion and below, this issue is moot anyway – where none of Plaintiff's claims can survive summary judgment, there is no need to decide whether time-barred acts could have been used as evidence at trial.

[3] To the extent APS admits any portion of a PAMF, it is for purposes of this Motion only.

to defeat summary judgment. *Johnson v. Mullin*, 422 F.3d 1184, 1187 (10th Cir. 2005) (the non-movant has to "go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to [their] case in order to survive summary judgment.") (internal quotation marks omitted).Without a causal link, these facts cannot ground a Title VII retaliation claim or a NMWPA claim. Moreover, because these alleged acts were not identified in the EEOC charge, even as amended, UMFs 18-22 (undisputed in Response), they cannot support his Title VII claims. Additionally, these facts do not identify any protected disclosure for a NMWPA claim. These PAMFs are immaterial.

**PAMF F-G** are not supported by the cited testimony. In PAMF F, Plaintiff's deposition testimony is clear that the alleged statements generally referenced therein were made in January of 2022 and April of 2022. *See* Ex. 1 to Response [Doc. 46-1], at 45:06-46:04. The cited testimony in PAMF G also does not identify what comments were made in front of students. *See* Response [Doc. 46], at 4. *See also response to* PAMF B-E (immaterial).

**PAMF H** is not adequately supported by the cited testimony, wherein Plaintiff claims that the "Union informed" him that the Principal of Chaparral Elementary School wanted to fire him on May 2, 2022 and that that was the reason the May 3, 2022 EOS Complaint was made. *See* Ex. 1 to Response [Doc. 46-1], at 55:07-22; UMFs 3, 5. First, this PAMF relies on hearsay – a statement from an unknown union representative – for which Plaintiff has not demonstrated any exception and for which Plaintiff has failed to demonstrate that the speaker had sufficient bases to make such a statement. *See* Response [Doc. 46], at 4. It is well-established in the Tenth Circuit that only admissible evidence can be considered at summary judgment and, further, that "[h]earsay testimony cannot be considered because a third party's description of a witness' supposed testimony is 'not suitable grist for the summary judgment mill.'" *Wright-Simmons v. City of Oklahoma City*, 155 F.3d 1264, 1268 (10th Cir. 1998) (quoting *Thomas v. IBM*, 48 F.3d 478, 485

3

(10th Cir. 1995)). Second, Plaintiff's cited testimony provides no support for the idea that "Defendant's employees ignored his concerns," or that Plaintiff reported any such concerns to outside entities. Accordingly, PAMF H presents no genuine issue of fact requiring trial on the merits. *See also Response to* PAMF B –E (immaterial).

**PAMF I** is insufficiently supported by the record and cannot preclude summary judgment, as it cites only to Plaintiff's deposition testimony, citing a portion where Plaintiff concludes or surmises that there is a connection between prior acts of discrimination or retaliation and Plaintiff's email and printer issues in November 2023. *See* Ex. 1 to Response [Doc. 46-1], at 91:18 ("And so I'm led to believe…."). "[E]vidence, including testimony, must be based on more than mere speculation, conjecture, or surmise. Unsubstantiated allegations carry no probative weight in summary judgment proceedings." *Cardoso v. Calbone*, 490 F.3d 1194, 1197 (10th Cir. 2007). Accordingly, the cited testimony cannot create a genuine issue of fact requiring trial on the merits. Moreover, despite raising email and printer access issues in his EEOC Charge – filed January 19, 2024, Plaintiff's Complaint is devoid of any such allegations, raising no allegations after September 2023. *See* Complaint [Doc. 1]; UMFs 17-18 (undisputed). As such, this conduct cannot ground any of Plaintiff's claims. *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008)

**PAMF J** is vague, ambiguous, and not sufficiently specific to create a genuine issue of material fact, as its fails to describe exactly what Plaintiff purportedly told his supervisor, Ms. Price. Further, PAMF J is not supported by the cited testimony as written. The testimony only supports that Ms. Price told Plaintiff he did not need to write a letter of rebuttal in response to the August 8, 2023 letter of reprimand (Ex. B to Motion). *Id.*, at 96:06-97:02. PAMF J does not demonstrate an issue of fact requiring trial; to the contrary, it demonstrates Plaintiff did not make any internal reports to APS about alleged discrimination or harassment until after the August 2023 reprimand letter. That reprimand letter transferred Plaintiff and placed on a PIP. Ex. B to Motion,

4

at 1, 5. Accordingly, such conduct by APS could not have been taken in retaliation for any alleged reports made by Plaintiff, as no such reports had been made before APS took those actions.

**PAMF K-L** rely on hearsay for which Plaintiff has identified no exception and, as such, cannot defeat summary judgment. *Wright-Simmons*, 155 F.3d at 1268. PAMF L also relies on Plaintiff's testimony surmising and concluding that the statements were discriminatory and retaliatory, which cannot defeat summary judgment, and improperly invades the province of the finder of fact. *Cardoso*, 490 F.3d at 1197; *Rivera v. Pitt*, 44 Fed.Appx. 934, 936-937 (10th Cir. 2002). *See also Response to* PAMF B –E (immaterial).

**PAMF M** and the cited testimony are contrary to Plaintiff's concessions to UMFs 11-15 which demonstrate that the "Formal Whistleblower Complaint" was not provided to EEOC until November 28, 2023 and not released until April 2025. UMF 12 and the testimony underlying PAMF M demonstrate that Plaintiff has no direct knowledge of when or how APS may have received a copy of the Whistleblower Complaint, but instead establish that APS would not have received a copy until, at the earliest, November 28, 2023. UMF 12; Ex. 1 to Response [46-1], at 129:24-130:05. Plaintiff has not demonstrated sufficient knowledge to testify that APS received a copy of the Whistleblower Complaint and to rely on his testimony would be to rely on speculation and surmise, which cannot defeat summary judgment. *Cardoso*, 490 F.3d at 1197. Plaintiff has failed to show that APS had knowledge of this statement before taking any of the three adverse employment actions on which Plaintiff is trying to survive summary judgment. This does not demonstrate a need for trial on the merits.

**PAMF N** does not create any issues requiring trial on the merits**.** Plaintiff's citation to conclusory and self-serving testimony is insufficient to survive summary judgment. *Rivera*, 44 Fed.Appx. at 936-37. With respect to national board certification, Plaintiff testified he has never applied, that certification is not determined by anyone at APS, and that the processing time can

take years. *See* Ex. 1 to Response [Doc. 46-1], at 154:03-156:08. Plaintiff cannot survive summary judgment based on speculation. *Cardoso*, 490 F.3d at 1197. With respect to the alleged inability to work summer programs, Plaintiff testified he last participated in an APS summer program in 2015. *See* Ex. 1 to Response [Doc. 46-1], at 152:02-153:15. Plaintiff has not pointed to any positions he applied for and was denied. *See* Plaintiff's Response to Rog. No. 6, attached hereto as **Exhibit O.** The alleged damages are immaterial because Plaintiff cannot establish a prima facie claim for any count in the Complaint. *See generally*, Motion [Doc. 39].

**PAMFs O-P** are immaterial, as Plaintiff's cited authority demonstrates that the content of the EEOC Charge – not conversations with EEOC or submitted inquiry information – determines whether a party has exhausted their administrative rights. *See* Response [Doc. 46], at 6.

ARGUMENT

I.      **APS is Entitled to Summary Judgment on Plaintiff's Title VII Claims.**

APS's Motion [Doc. 39] establishes a fundamental mismatch between the Title VII allegations raised in Plaintiff's Complaint and those raised in his EEOC Charge. UMFs 17-19, 21 (undisputed). Plaintiff's Response underscores this misalignment by conceding that his EEOC Charge, even as amended, only alleges discrimination occurring between November 16, 2023 and January 19, 2024. This concedes his failure to exhaust administrative remedies for any discrete discriminatory acts predating November 16, 2023.[4] Motion, [Doc. 39], at 8.

---

[4] Plaintiff attempts to argue that his submission to the EEOC in the form of an inquiry submission should be taken together with his filed charge "as part of one administrative presentation." Response [Doc. 46], at 7. This argument is unsupported by case law. *Id.* Plaintiff has pointed to no authority which allows anything other than the EEOC charge to guide a court's determination of whether administrative rights have been exhausted. He relies on *Smith v. Cheyenne Ret. Inv'rs L.P.*, which supports that the EEOC charge itself is what must guide the Court's determination. 904 F.3d at 1164; *see also* discussion of PAMFs O and P *supra*, at 6. Additionally, Plaintiff has conceded that he signed all his EEOC charge and amendments under penalty of perjury and, thus, would and should have noticed if not all claimed bases were included. UMF 22 (undisputed).

6

Moreover, Plaintiff has conceded that he did not raise any allegations in his Complaint after September 2023 and has failed to provide any argument or authority that claims outside the Complaint can survive summary judgment. *See* Motion [Doc. 39] at Section I(c)(i); *see generally*, Response [Doc. 46]. Plaintiff does not dispute that a party must provide sufficient factual detail in a Complaint to support the claims. *See generally*, Response [Doc. 46]. In fact, Plaintiff ignored APS's argument on the insufficiency of his Complaint and the failure to plead any allegations raised in his EEOC Charge in its entirety and has, thus, conceded the issue. *Id.* Accordingly, Plaintiff has not identified any discrete act of discrimination or retaliation which can ground his Title VII claims. Taking each of the three grounds raised specifically in the Response in turn, it is clear that APS is entitled to summary judgment on Plaintiff's Title VII claims as a matter of law.

A. <u>The August 2023 PIP Cannot Ground Plaintiff's Title VII Claims as a Matter of Law.</u>

The August 2023 PIP cannot support a viable Title VII claim on multiple grounds. First, Plaintiff did not exhaust his administrative remedies that the PIP constituted a discrete discriminatory or retaliatory act. Motion [Doc. 39], at 9-10. The closest Plaintiff comes is in his second amended Charge, wherein, without modifying his allegation that discriminatory conduct occurred between November 16, 2023 and January 19, 2024, he alleges that he had to participate in a mandatory performance review on August 14, 2023. UMF 21 (undisputed). Participation in a performance review or evaluation is different from the imposition of 90-day PIP and the date provided in the charge – August 14, 2023, falls after the date the PIP was imposed – August 8, 2023. UMF 10; *see e.g., Rivera v. Pitt*, 44 Fed.Appx. 934, 936 (10th Cir. 2002) (considering background evidence and raising both performance evaluation and PIP). As such, the face of Plaintiff's EEOC charge does not identify the PIP as discriminatory or retaliatory, place it within the window of time during which Plaintiff was purportedly discriminated against (November 16, 2023 to January 19, 2024), or allege that it was improperly created or enforced. Plaintiff's failure

7

to include the PIP specifically within the EEOC Charge constitutes a failure to exhaust his administrative remedies on that act.[5] *See Martinez*, 347 F.3d at 1210; *Lincoln*, 900 F.3d at 1181. This is sufficient basis alone to preclude Plaintiff from basing a Title VII claim based on the PIP.

Second, Plaintiff cannot show that being put on a PIP was an adverse employment action. To the contrary, the evidence demonstrates that the PIP was to enforce expectations Plaintiff was already subject to. *See* Ex. B to Motion, at 5. Placement on a short PIP does not typically constitute an adverse employment action for Title VII discrimination or retaliation claims. In *Payan v. UPS*, the Tenth Circuit held that the plaintiff's PIP did not constitute an adverse employment action where it did not impose onerous, difficult, or time-consuming requirements. 905 F.3d 1162, 1172-74 (10th Cir. 2018). The PIP here was only in place for 90 days, was reasonably targeted to ensure compliance with job responsibilities, including maintenance of professional boundaries related to policy violations found in the January 2023 due process hearing. UMFs 2, 10; Ex. B to Motion, at 5. As such, Plaintiff cannot establish a prima facie case of discrimination or retaliation under Title VII based on the PIP, as it did not constitute an adverse employment action – a required element. *McDonnell Douglas*, 411 U.S., at 792-93. Additionally, Plaintiff's testimony supports that the PIP was not disciplinary, but that failure to abide by the requirements of the position, as enforced by the PIP, could result in discipline. *See* Ex. 1 to Response [46-1], at 77:13-78:02 (confirming understanding that PIP comes before progressive discipline).

Third, even assuming *arguendo* that the PIP constituted an adverse employment action, Plaintiff has failed to demonstrate he was treated less favorably than others outside his protected class or to show any discriminatory intent. Plaintiff argues "temporal proximity" between the racial or sex-based comments allegedly made to him in January and April of 2022 and his placement on

---

[5] Plaintiff failed to address APS's argument that Plaintiff cannot now correct this deficiency as his window to bring an EEOC claim based on this conduct under the 300-day rule has long passed. *See* Motion [Doc. 39], at 10; *see generally*, Response. As such, Plaintiff has conceded the issue.

8

a PIP in August 2023 would allow a reasonable juror to conclude APS had a discriminatory motive in imposing the PIP. *See* Response [Doc. 46], at 8-9. The record does not support this – over a year passed between the alleged comments and the imposition of the PIP. *See* UMFs 10, 17; Ex. B to Motion. Plaintiff does not cite any authority to the contrary. *See* Response [Doc. 46], at 9.

Fourth, even assuming *arguendo* that Plaintiff could establish a prima facie case, Plaintiff has not and cannot refute that APS had a legitimate business interest in imposing the PIP based on the internal complaint it received alleging Plaintiff sexually harassed a fifth grade student. Further, Plaintiff has not demonstrated that APS's proffered explanation, *see* Motion [Doc. 39], at n. 3, was pretextual. It is well-established in the Tenth Circuit that "[i]f the employer articulates a legitimate [nondiscriminatory] reason for the action, then the plaintiff must demonstrate that the employer's asserted reasons are pretextual." *Pinkerton v. Colorado Dept. of Transp.*, 563 F.3d 1052, 1064 (10th Cir. 2009). Based on the foregoing, and the underlying Motion, Plaintiff cannot survive summary judgment on his Title VII claims based on the August 2023 PIP as a matter of law.

B. The August 2023 Transfer Cannot Ground Plaintiff's Title VII Claims as a Matter of Law.

Plaintiff cannot sustain a Title VII claim based on his August 2023 lateral transfer on multiple grounds. First, there is no mention of any transfer within the EEOC Charge, even as amended. *See* UMFs 18-22 (undisputed). As such, there is a complete failure to exhaust Plaintiff's administrative remedies, which Plaintiff has not refuted or addressed within his Response.

Second, even assuming *arguendo* that Plaintiff had properly exhausted his remedies for a discrimination or retaliation claim based on the transfer, Plaintiff could not support a prima facie case. The Tenth Circuit is clear that lateral transfers to a position with the same salary, benefits, and job tasks do not generally constitute adverse employment actions capable of grounding a Title VII claim for discrimination or retaliation. *See e.g., Vann v. Southwestern Bell Telephone Co.*, 179 Fed.Appx. 491, 497 (10th Cir. 2006). Plaintiff's reliance on *Muldrow v. City of St. Louis, Missouri*,

9

601 U.S. 346 (2024) to suggest his transfer was disadvantageous is unavailing. *See* Response, [46] at 10. In *Muldrow*, the plaintiff was moved from a plain clothes job in a prestigious and specialized division where she had substantial responsibility over primary investigations to a uniformed position where she was primarily doing administrative work, lost her take-home car, was less involved in high-visibility matters, and was supervising patrol officers. 601 U.S. 346. Plaintiff has not shown any changes in job responsibilities or benefits which would cause his lateral transfer to rise to the level of an adverse employment action and, instead, has conceded that Plaintiff has remained working as a school counselor for APS since 2015. UMF 1.

Third, Plaintiff was transferred for the same reasons he was placed on a PIP and issued a written reprimand. UMFs 2-10. As such, Plaintiff has not demonstrated that the legitimate nondiscriminatory reason for placing Plaintiff on a PIP or transferring him – namely the substantiated complaint of sexual harassment made against him by a student – was pretextual for the same reasons discussed above. *See* Section I(B) *supra*. Based on the foregoing, Plaintiff cannot survive summary judgment on his Title VII claims based on the August 2023 transfer.[6]

C. The January 2024 Leave Cannot Support Plaintiff's Title VII Claims as a Matter of Law.

Plaintiff cannot survive summary judgment on his Title VII claims based on his January 2024 administrative leave. Plaintiff ignores that he has not raised this issue in his Complaint and, as such, has not made it an issue in the litigation. *See* Motion [Doc. 39], at 11-16; *see generally*, Response [Doc. 46]. Plaintiff has agreed that his Complaint is limited to allegations occurring between November 2020 and September 2023. UMF 17 (undisputed). Further, Plaintiff has pointed to no case law that allows him to survive summary judgment based on allegations outside

---

[6] As discussed in PAMF N, Plaintiff cannot support that his reassignment in August 2023 deprived him of any job opportunities. Further, given Plaintiff's inability to demonstrate a prima facie case on this basis, any alleged damages arising therefrom are immaterial.

his Complaint. *See generally*, Response [Doc. 46]. Any argument is contrary to Rule 8(a)(2) and related case law. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

Second, Plaintiff has not addressed or refuted any authority cited in the Motion demonstrating that placement on paid administrative leave does not constitute an adverse employment action under Title VII. *See* Motion [Doc. 39], at 15. As such, Plaintiff concedes he cannot support a Title VII claim for discrimination or retaliation based on the January 2024 leave.

  D.  Plaintiff's Title VII Retaliation Claim Necessarily Fails for Lack of Causation.

Plaintiff has failed to demonstrate that he can sustain Title VII claims on the PIP, lateral transfer, and/or the January 2024 administrative leave as set forth above. With respect to Plaintiff's Count II retaliation claim more specifically, Plaintiff has wholly failed to draw a causal link between his participation in any protected activity and any of the foregoing acts. Indeed, as shown in connection with PAMF J above, Plaintiff has testified that he only informed Ms. Price, his counseling supervisor, of the alleged discriminatory conduct ***after*** receiving the August 8, 2023 letter of reprimand – as such, no actions included therein could have been taken in retaliation for Plaintiff's internal complaint to Ms. Price. Additionally, as established in the Motion [Doc. 39], at 16, and above in connection with PAMF M, Plaintiff has not shown that APS was aware of any whistleblower or other external complaint prior to placing Plaintiff on leave in January 2024. As such, Plaintiff has wholly failed to show that he can support a retaliation claim under Title VII.

**II.    APS is Entitled to Summary Judgment on Plaintiff's NMWPA Claim.**

Plaintiff claims that genuine disputes of material fact preclude summary judgment on his NMWPA claim despite failing to identify a protected disclosure made under the statute. *See generally*, Response. Plaintiff has failed to satisfy element one under the NMWPA, which requires proof that Plaintiff made a protected disclosure. Further, Plaintiff fails to demonstrate that APS

knew of any such disclosure or that it took any actions based on such knowledge. This constitutes a complete failure to state a prima facie case under the NMWPA. *See* Motion [Doc. 39], at 17-18.

The only evidence Plaintiff points to as to why a reasonable jury could find a violation of the NMWPA is his claim that he suffered "certain employment and financial opportunities" due to placement on the PIP and the transfer. This argument fails. First, Plaintiff is clear that he did not make any external complaints or internal complaints until after speaking with Ms. Price – which he did after receiving the August 8, 2023 letter placing him on a PIP and transferring him. *See* discussion of PAMF J *supra*, at 4-5. Second, Plaintiff has not established that he has suffered any lost employment or financial opportunities because of the PIP or transfer. *See* discussion of PAMF N *supra*, at 5-6. Finally, Plaintiff's reliance on *Lerma v. State*, 2025-NMSC-033, is unavailing as Plaintiff has not demonstrated any changes in job duties, restricted movement, restricted overtime opportunities, or any other meaningful changes in job tasks that resulted due to the transfer in August 2023, making him dissimilar from the plaintiff in *Lerma*. *See* Response [Doc. 46], at 13-14. Accordingly, Plaintiff has wholly failed to demonstrate that he can establish a prima facie claim under the NMWPA worthy of surviving summary judgment.

## CONCLUSION

Plaintiff cannot establish claims against APS under Title VII or the New Mexico Whistleblower Protection Act as a matter of the law for the reasons set forth herein and within the underlying Motion. Instead, Plaintiff has made several concessions, discussed herein, which demonstrate APS is entitled to summary judgment as a matter of law. Accordingly, APS respectfully requests that the Court enter summary judgment in its favor on each of Plaintiff's claims against it and for any further relief the Court deems just and proper.

Respectfully submitted,

MODRALL, SPERLING, ROEHL,
 HARRIS & SISK, P.A.

 */s/ Tessa L. Chrisman*
Mia K. Lardy
Tessa L. Chrisman
Emily J. Windsor
P. O. Box 2168
Albuquerque, NM 87103-2168
(505) 848-1800
Fax (505) 848-9170
mia.lardy@modrall.com
tessa.chrisman@modrall.com
emily.windsor@modrall.com
*Attorneys for Defendant Albuquerque*
*Public Schools*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of May, 2026, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

**Counxel Legal Firm**
Andrew N. Morrow
Andrew P. Meier
2222 S. Dobson Rd. Suite 1104
Mesa, AZ 85202
(480) 536-6122
amorrow@counxel.com
ameier@counxel.com
*Attorneys for Plaintiff*

By:  */s/ Tessa L. Chrisman*
        Tessa L. Chrisman

13

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**DANIEL LE,**

     **Plaintiff,**

**v.**                                **Case No. 1:25-cv-00591 LF/JFR**

**BOARD OF EDUCATION FOR
ALBUQUERQUE PUBLIC SCHOOLS,**

     **Defendant.**

**PLAINTIFF'S ANSWERS AND RESPONSES TO DEFENDANT'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR PRODUCTION**

Plaintiff Daniel Le ("Plaintiff") responds as follows to Defendant's First Set of Interrogatories and Requests for Production ("Requests" or "Request"):

## GENERAL OBJECTIONS AND RESPONSES

1.     Plaintiff asserts the following General Objections, which apply to each of the responses to the Requests. Although Plaintiff may respond specifically to certain Requests, the responses are subject to these General Objections and no response should be considered, or is, a waiver of any General Objection.

2.     Plaintiff objects to the Requests to the extent that they seek information neither relevant to the issues raised in this case nor proportional to the needs of the case.

3.     Plaintiff objects to the Requests to the extent that they are overly broad, unreasonably burdensome and oppressive, and impose an undue expense.

4.     Plaintiff objects to the Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other rule of privilege or confidentiality provided by law.

**EXHIBIT
O**

**INTERROGATORY NO. 6:** For the past ten (10) years, if you applied for work or employment of any nature, please state the name, address, and telephone number of the employer to whom you applied for work, the position applied for, the date of your application, whether you were offered any employment and, if so, the date of such offer of employment and the salary (including benefits) and position offered, whether you accepted or rejected the employment offered, and, if you rejected the employment offered, your reasons for rejecting the offer of employment.

**ANSWER:  Plaintiff does not have any information that is responsive to this Interrogatory.**

**INTERROGATORY NO. 7:** If you have ever been arrested, charged with, or convicted of any crime, whether it be a felony or misdemeanor, please state as to each such arrest, charge or conviction, the date and place the offense was committed, by whom you were arrested or charged, the court and cause number, a complete description of all details and circumstances giving rise thereto, the name of your attorney, if any, the type of offense for which you were arrested or charged, the type of offense for which you were convicted or pled guilty or no contest, the disposition of each such arrest or charge and the penalty received.

**ANSWER:  Plaintiff does not have any information that is responsive to this Interrogatory.**

**INTERROGATORY NO. 8:** Except as disclosed in response to other interrogatories, please state the name, last known address, telephone number and employer of each and every witness known to you or your attorneys who has any knowledge regarding the facts and circumstances surrounding the events which form the basis of this dispute and/or lawsuit, your alleged injuries and damage claims, and any other event pertaining to the current dispute and/or lawsuit, including,

7